UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RUGBY HOLDINGS, LLC, and JADE
STANLEY PROPERTIES, LLC,

    Plaintiffs,

v.                                                           Case No: 6:24-cv-1066-JSS-RMN

FIRST HORIZON BANK,

    Defendant.
_____/

## ORDER

    Defendant moves to dismiss Plaintiffs' complaint for failure to state a claim. (Dkt. 11; *see also* Dkt. 12.) Plaintiffs oppose the motion. (Dkt. 18.) Upon consideration, for the reasons outlined below, the court denies the motion.

## BACKGROUND[1]

    Plaintiffs had bank accounts with Defendant. (Dkt. 1-8 ¶¶ 5–6, 9.) Jon D. Vollet was "the only person authorized to conduct business on" the accounts. (*Id.* ¶¶ 8, 11.) Vollet's wife was never "authorized to conduct business on either" account. (*Id.* ¶ 20.) In early September 2023, Vollet "was involved in an accident that hospitalized him for a month" and caused him to be "largely immobile for quite some time" "[a]fter his release from the hospital." (*Id.* ¶¶ 12–13.) During this period, Defendant "allowed the address on" the accounts "to be changed without [Vollet's] knowledge or consent," (*id.* ¶ 16), and thereafter mailed account statements to the new address instead of the old address, (*id.* ¶¶ 17–18). Defendant also allowed Vollet's wife

---

[1] The court accepts the complaint's well-pleaded factual allegations as true and construes them in the light most favorable to Plaintiffs. *See Harry v. Marchant*, 291 F.3d 767, 769 (11th Cir. 2002) (en banc).

to "make several unauthorized transfers[ and ]withdrawals" from the accounts in October 2023, December 2023, and January 2024. (*Id.* ¶¶ 20–22.) In total, Vollet's wife transferred $140,000 to an account she maintained "in her individual name" and otherwise withdrew $152,719.98 from Plaintiffs' accounts. (*Id.* at 3–4 & nn.1–5.)

In May 2024, Plaintiffs initiated this action in state court by filing a complaint against Defendant and attaching as exhibits the Account Agreements for their accounts with Defendant. (*See id. passim*.) In the complaint, each Plaintiff brings a negligence count seeking compensatory damages for unauthorized transactions. (*See id.* at 5–7.) Plaintiffs allege that Defendant owed them "a duty to exercise reasonable care with respect to" their accounts "including, without limitation, only permitting authorized individuals to conduct business on, and make changes to," the accounts. (*Id.* ¶¶ 32, 38.) Plaintiffs further allege that Defendant breached this duty by "allowing an unauthorized individual" to transfer and withdraw funds from the accounts and to "divert" the account statements through the change of address "such that the unauthorized transactions could not be detected and reported." (*Id.* ¶¶ 33, 39.) In June 2024, Defendant removed the action to this court based on diversity jurisdiction. (Dkt. 1 ¶ 19.) Defendant now moves to dismiss the complaint for failure to state a claim and asks the court to consider the Bank Depositor Agreement and Disclosures purportedly governing Plaintiffs' accounts. (*See* Dkts. 11 & 12.)

## APPLICABLE STANDARDS

In deciding a motion to dismiss for failure to state a claim, a court "accept[s] the allegations in the complaint as true and construe[s] them in the light most favorable

to the plaintiff." *Henley v. Payne*, 945 F.3d 1320, 1326 (11th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[D]etailed factual allegations" are typically not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Generally, when analyzing a motion to dismiss for failure to state a claim, a court considers only the four corners of the complaint and the exhibits attached to the complaint. *See Turner v. Williams*, 65 F.4th 564, 583 n.27 (11th Cir. 2023). However, "a document outside the four corners of the complaint may . . . be considered" as incorporated by reference if the document "is central to the plaintiff's claims and is undisputed in terms of authenticity," regardless of whether it is "mentioned in" or "attached to" the complaint. *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005); *see Johnson v. City of Atlanta*, 107 F.4th 1292, 1299–1300 (11th Cir. 2024) (following *Maxcess* under the prior panel precedent rule and rejecting the requirement that "a complaint must refer to" a document for the incorporation-by-reference doctrine to apply).

## ANALYSIS

Defendant contends that the complaint fails to state a claim because the independent tort doctrine and an exculpatory provision in the Bank Depositor Agreement and Disclosures each bar Plaintiffs' negligence counts. (Dkt. 11 at 6–10.) As a preliminary matter, the court must determine whether to consider the Bank Depositor Agreement and Disclosures (Dkt. 12). Defendant argues that the court should consider this document as "central to [Plaintiffs'] claims." (Dkt. 11 at 5–6.) According to Defendant, the document sets forth "the [t]erms and [c]onditions" that governed Plaintiffs' accounts "during the relevant time period," and these terms and conditions "are part of the Account Agreements" attached to the complaint and are "specifically referenced therein." (*Id.*) In response, Plaintiffs do not dispute the document's authenticity or its centrality to their claims. (*See* Dkt. 18.) In fact, Plaintiffs cite the document in support of their own arguments. (*Id.* at 5–7, 11–12.) The court thus considers the document. *See Maxcess*, 433 F.3d at 1340 n.3; *see also Kalpakchian v. Bank of Am. Corp.*, 832 F. App'x 579, 583 (11th Cir. 2020) ("[R]elationship-forming contracts, such as 'account opening documents,' are central to a plaintiff's claim." (quoting *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010))). Having resolved to consider the Bank Depositor Agreement and Disclosures, the court discusses the independent tort doctrine and the exculpatory provision in turn.

1. **Independent Tort Doctrine**

Under the independent tort doctrine, "a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract." *SBP Homes,*

*LLC v. 84 Lumber Co.*, 384 So. 3d 241, 246 (Fla. Dist. Ct. App. 2024) (quotation omitted).[2] "This principle applies to parties to the contract and is rooted in the notion that, when a contract is breached, the parameters of a plaintiff's claim are defined by contract law, rather than by tort law." *Id.* (quotation omitted).

Relying on *Pastor v. Bank of America, N.A.*, 664 F. Supp. 3d 1365 (S.D. Fla. 2023), Defendant asserts that "the alleged duty here clearly arises from and is inextricably dependent on the contractual duties Plaintiffs were owed as customers and owners of accounts" with Defendant. (Dkt. 11 at 9.) *See Pastor*, 664 F. Supp. 3d at 1367 (holding that the independent tort doctrine barred the plaintiff's negligence claims because "it [wa]s impossible to separate [them] from his underlying contractual relationship with [the defendant]"). However, as Plaintiffs point out, "Defendant does not cite to any specific provision of, or express language within, the [Bank Depositor Agreement and Disclosures] whereby Defendant agreed [not to] engage in" the alleged misconduct. (Dkt. 18 at 6; *see* Dkt. 11.) As the moving party, Defendant bears the burden of supporting its arguments for dismissal. *See Sprint Sols., Inc. v. Fils-Amie*, 44 F. Supp. 3d 1224, 1228 (S.D. Fla. 2014) ("On a Rule 12(b)(6) motion to dismiss, the moving party bears the burden to show that the complaint should be dismissed." (alteration adopted and quotation omitted)).

---

[2] "Federal courts sitting in diversity are bound to adhere to decisions of Florida's intermediate appellate courts, absent some persuasive indication that the state's highest court would decide the issue otherwise." *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1025 (11th Cir. 2014) (alteration adopted and quotation omitted).

Moreover, in the banking context, the existence of the contractual relationship between the bank and its customers does not, of necessity, bar customers from suing the bank under Florida law for negligence related to the customers' accounts. While recognizing the obvious proposition that "the relationship between a bank and its depositing customer[s] is contractual," *MJZ Corp. v. Gulfstream First Bank & Tr., N.A.*, 420 So. 2d 396, 397 (Fla. Dist. Ct. App. 1982), Florida law nonetheless permits customers to bring negligence actions against banks because "banks owe their customers a baseline duty of care," *Leader Trade Sols. Corp. v. Dell World Trade LP, LLC*, No. 09-22701-CIV-MARTINEZ-BROWN, 2010 U.S. Dist. LEXIS 151644, at *15 (S.D. Fla. Feb. 12, 2010) (collecting cases). The court agrees with Plaintiffs that "it is unavailing for Defendant to simply argue that because [Plaintiffs] and Defendant are in contractual privity, then all of Defendant's duties owed to [Plaintiffs] must stem from the [Bank Depositor Agreement and Disclosures] and be subsumed thereby." (Dkt. 18 at 8.) Accordingly, Plaintiffs' claims are not dismissed under the independent tort doctrine.

2. **Exculpatory Provision**

Under the Bank Depositor Agreement and Disclosures, "[d]amages for any breach of th[e] agreement are limited to those which are direct and lie in contract[] and shall exclude indirect and consequential damages. Also excluded are damages in tort, including but not limited to those for emotional distress," subject to exceptions. (Dkt. 12 at 4.) Defendant devotes a single paragraph of its motion to arguing that this exculpatory provision bars Plaintiffs' claims, and that paragraph contains no citation

to legal authority. (Dkt. 11 at 10.) That, alone, is reason to reject the argument. *See Sprint Sols.*, 44 F. Supp. 3d at 1228; *see also United States v. Markovich*, 95 F.4th 1367, 1379 (11th Cir. 2024) (explaining that a party "forfeited" an argument when he "cite[d] no legal authority to support it").

In any event, "[e]xculpatory provisions which attempt to relieve a party of [its] own negligence are generally looked upon with disfavor, and Florida law requires that such clauses be strictly construed against the party claiming to be relieved of liability." *Sunny Isles Marina v. Adulami*, 706 So. 2d 920, 922 (Fla. Dist. Ct. App. 1998). "Such clauses are enforceable only where and to the extent that the intention to be relieved was made clear and unequivocal in the contract, and the wording must be so clear and understandable that an ordinary and knowledgeable party will know what he is contracting away." *Southworth & McGill, P.A. v. S. Bell Tel. & Tel. Co.*, 580 So. 2d 628, 634 (Fla. Dist. Ct. App. 1991). The court agrees with Plaintiffs that the exculpatory provision here "is not clear, unequivocal, or understandable enough for an ordinary and knowledgeable party to know that the party is contracting away its right to bring a negligence claim against Defendant." (Dkt. 18 at 12.) *See Brooks v. Paul*, 219 So. 3d 886, 891 (Fla. Dist. Ct. App. 2017) (holding that an exculpatory provision was not clear and unequivocal when its language "create[d] ambiguity about exactly what type of claims [we]re being released"). Accordingly, Plaintiffs' claims are not dismissed based on the exculpatory provision in the Bank Depositor Agreement and Disclosures.

## CONCLUSION

Accordingly:

1. Defendant's motion (Dkt. 11) is **DENIED**.

2. Defendant shall answer the complaint (Dkt. 1-8) in compliance with Federal Rule of Civil Procedure 12(a)(4)(A).

**ORDERED** in Orlando, Florida, on December 5, 2024.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record